UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

WENDELL and SHEILA STOKES,   Case No. 06-43336
                             Chapter 13
     Debtor.                 Judge Thomas J. Tucker
_____/

**OPINION REGARDING DEBTOR COUNSEL'S FEE APPLICATION**

This case is before the Court on the fee application filed by Debtors' attorney, entitled "First Application of Approval of Payment of Pre-confirmation Attorney Fees through Chapter 13 Plan Pursuant to Rule 2016-2 for the Period 3.17.06 to 7.20.06" (Docket #38). The Chapter 13 Trustee objected to the fee application, and the Court held a hearing on August 24, 2006. The Court then took the matter under advisement.

The Trustee argued at the hearing that a reasonable attorney fee for the work done by Debtors' attorney in this case is $1,500.00, not the $3,061.50 requested. At the August 24 hearing, Debtors' attorney agreed to reductions in his fee application, in response to objections by the Trustee to specific time entries, totaling 2.4 hours, or $468.00. That reduction would bring counsel's allowed fee amount down to $2,593.50, from the original $3,061.50 requested. Debtors' counsel, who also represents the same Debtors in their later, refiled case (Case No. 06-50086), also agreed that any fees to be allowed for his work in the refiled case should be awarded by application only, and not simply as part of a flat rate approved in a confirmation order.

The Court has reviewed the fee application and the itemized time entries attached to the fee application, as well as the record in this case, and after considering the Trustee's objections and the arguments of the parties, notes the following. This bankruptcy case was dismissed on

July 20, 2006, at the status conference for the second hearing on confirmation of the Debtors' plan. Previously, on May 21, 2006, Debtors' counsel had filed an amended Chapter 13 plan, which significantly increased the Debtors' required payments, from an originally-proposed amount of $707.77 bi-weekly for 36 months (*i.e.*, approximately $1,521.00 per month) to $1,709.46 bi-weekly for 36 months (*i.e.*, approximately $3,675.00 per month). The primary reason for the amendment and the significantly increased payments was to add a continuing monthly mortgage payment and cure of arrears for a property that Debtors hoped to lease, thereby obtaining rental income.

Debtors' originally-filed Schedules I and J (Docket #1) showed a monthly net income of $1,533.51. On June 21, 2006, Debtors filed amended Schedules I and J, which showed a monthly net income of $1,545.62 (Docket #36). At no time did the Debtors' Schedules I and J, therefore, show that Debtors had disposable income even half as large as the amount they would need in order to successfully fund the amended Chapter 13 plan that they filed on May 21, 2006 (which, as noted above, would require bi-weekly payments equivalent to roughly $3,675.00 per month). Debtors' counsel stated at the August 24 hearing that when he filed the amended plan for Debtors, he was aware that they could not at that time afford the monthly payments required by the amended plan, but that Debtors were hoping to soon lease their rental property and thereby obtain sufficient additional income to fund the amended plan. When that did not materialize, according to Debtors' counsel, it became clear that Debtors would not be able to successfully fund (or confirm) their amended plan. By that time, Debtors were so far behind in making their required pre-confirmation payments to the Trustee that dismissal was inevitable.

Under these circumstances, the Court concludes that it would not be reasonable to allow fees for most of the work done by Debtors' counsel on and after June 12, 2006, because such work was not necessary or beneficial, or reasonable, for Debtors' counsel to perform in representing the interests of the Debtors in this case. 11 U.S.C. § 330(a)(4)(B). Such work, for which fees will not be allowed, is the work reflected in the fee and itemization for the following entries: June 12, 13, 14, 15, and 25, 2006, and July 14 and 19 (two entries), 2006, as well as time spent on July 20, 2006 attending the status conference for the second confirmation hearing. Such work is not compensable in this case because beginning at least as early as June 12, 2006, Debtors' counsel knew or should have known that Debtors would not be able to confirm or successfully perform the amended Chapter 13 plan filed on May 21, 2006, or even come close to doing so.

For these reasons, the Court will reduce the allowable fees in the fee application by the amount of time reflected in the entries identified above, which totals 3.0 hours. In addition, Debtors' counsel agreed at the hearing that the allowable time for the June 16, 2006 time entry, attending the first confirmation hearing, should be reduced from 1.2 hours to .3 hours; and that the allowable time for the May 2, 2006 entry should be reduced from 1.8 hours to 1.0 hour.

The total of these reductions is 4.7 hours, which multiplied by $195.00 per hour equites to a reduction in the allowable fees of $916.50. This leaves a fee award of $2,145.00. The Court concludes that this is the amount of fees that is reasonable and should be allowed under 11 U.S.C. § 330 for Debtors' counsel in this case.

The Trustee's objections to the fee application are sustained in part and overruled in part. The total fees allowed will be $2,145.00. Debtors' counsel must submit a proposed order,

3

06-43336-tjt    Doc 47    Filed 09/01/06    Entered 09/01/06 16:56:58    Page 3 of 4

revised from the proposed order filed originally with the fee application, to reflect this allowed fee amount. The Court waives any further presentment with respect to that order.

Date: September 1, 2006                    /s/ Thomas J. Tucker
                                           Thomas J. Tucker
                                           United States Bankruptcy Judge

4